**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**FORNETHA JUDGE,**

        **Plaintiff,**

**-vs-**                                                                                        **Case No. 6:10-cv-83-Orl-22DAB**

**HOMELESS COALITION OF CENTRAL**
**FLORIDA,**

        **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

       This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **APPLICATION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:**      **January 14, 2010**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

       In reviewing an application to proceed *in forma pauperis,* the Court may dismiss the case or refuse to permit it to continue without payment of fees "if the court determines that . . . (B) the action or appeal- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Plaintiff filed her initial Complaint (Doc. No. 1), asserting a claim for discrimination when she and her children were denied a room at the Homeless Coalition and when her son contracted tuberculosis in a shared room. Doc. No. 1. Plaintiff's factual statements and allegations are vague and confusing. Under the Federal Rules of Civil Procedure, Plaintiff must file a written complaint setting forth a short and plain statement of the court's jurisdiction, a claim showing the plaintiff is entitled to relief, and demand for the relief sought, as required by FEDERAL RULE OF CIVIL PROCEDURE 8(a).

The Supreme Court has provided guidance on what constitutes a "well pled" complaint, requiring a plaintiff to supply more than just any conceivable set of facts tending to support a claim, but "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1973, 167 L.Ed.2d 929 (2007). Recently, that Court has explained the two prong approach to evaluating whether a complaint meets this standard:

> As the Court held in *Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S.Ct. 1955 (*citing Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or " a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with "a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).

> \*\*\*
> But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not "show[n]"--"that the pleader is entitled to relief." FED. RULE CIV. PROC. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. \_\_, 129 S.Ct. 1937, 1949-50, \_\_ L.Ed.2d \_\_\_ (2009).

In amending, Plaintiff must name as Defendants the persons who are responsible for the alleged discrimination. Further, Plaintiff should provide the full name and current address for each Defendant. Plaintiff must state what rights under the Constitution, or laws of the United States have been violated in the amended complaint. It is improper for Plaintiff to merely list constitutional rights or federal rights. Plaintiff must provide support in the statement of facts for the claimed violations. Further, Plaintiff should clearly describe how each named defendant is involved in the alleged violation of her rights in the body of the amended complaint in a section entitled "Statement of Facts." *See Iqbal*, 556 U.S. \_\_, \_\_.

It is respectfully **RECOMMENDED** that Plaintiff's Motion to Proceed *In Forma Pauperis* be **DENIED** and Plaintiff be ordered to amend her complaint within 14 days of any Order adopting this recommendation. Plaintiff may file a renewed Motion to Proceed *In Forma Pauperis* at that time if she chooses to do so. Should Plaintiff fail to amend or her complaint timely and appropriately or to pay the required filing fee, the case should be dismissed.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 28, 2010.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Plaintiff Fornetha Judge